**SWARTZ v. FORWARD ASS'N et al.**
Civil Action No. 247.

District Court, D. Massachusetts.

Oct. 8, 1941.

Elbridge R. Anderson and Roberts B. Owen, both of Boston, Mass., for plaintiff.

George E. Roewer (Roewer & Reel), of Boston, Mass., for defendants Butkovitz and Anthony.

Jacob J. Kaplan (Nutter, McClennen & Fish), of Boston, Mass., for defendants Forward Ass'n and American Jewish Pub. Co.

SWEENEY, District Judge.

This action was filed under authority of 15 U.S.C.A. § 15 for treble damages. Two of the defendants have filed a motion to dismiss for want of jurisdiction. The defendants' position is that the bill of complaint fails to disclose any violation of the antitrust laws within the meaning of the statute employed. The effect of this decision will be to dispose of the case as to all of the defendants since the question raised is a jurisdictional one. In passing upon the question raised, I am bound by the allegations of the bill of complaint, and cannot take into consideration such facts as might develop at a trial on the merits. See Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

In the light that is most favorable to the plaintiff, his bill alleges that he had an extensive and profitable interstate business in furs, and that the defendants conspired and combined amongst themselves to destroy his business by causing to be published false and malicious statements concerning labor conditions in the plaintiff's business, and that a boycott of his business was urged by the defendants. He then alleges that, as a result of this conspiracy and combination, he has lost a great deal of his trade, and that his interstate business has been seriously affected. He further alleges that his injuries result "by reason of said acts which are declared to be unlawful" by the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note and asks for treble damages.

The difficulty with the plaintiff's bill of complaint is that the specific acts that he relies upon to constitute a violation of the Sherman Act are not prohibited by that Act. In a recent case, decided by the Supreme Court of the United States, Apex Hosiery Company v. Leader, 310 U.S. 469, 60 S.Ct. 982, 992, 84 L.Ed. 1311, 128 A.L.R. 1044, the court reviewed many of its former decisions, and pointed out that the combinations and contracts in restraint of trade which were intended to be prohibited by the Sherman Act were combinations which were "directed to control of the market by suppression of competition in the marketing of goods and services, the monopolistic tendency of which had become a matter of public concern." The court particularly pointed out throughout that decision that the practices which were prohibited by the Sherman and Clayton Acts were practices that had their evil effect upon the public generally either by reason of the formation of monopolies or by the enhancement of prices to be paid by the consumer. At page 500 of 310

U.S., at page 996 of 60 S.Ct., 84 L.Ed. 1311, 128 A.L.R. 1044, the court said: "Restraints on competition or on the course of trade in the merchandising of articles moving in interstate commerce is not enough, unless the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition."

Reading the bill as a whole, there are no facts alleged which would bring the activities of the defendants within the prohibitions of the antitrust laws. The injury complained of is a private wrong which we assume is remedial in some other court.

Since the only basis alleged for the jurisdiction of this court is a violation of the antitrust laws, and in view of the foregoing, the defendants' motion must be allowed, and the action dismissed for want of jurisdiction.