128

## FORGETT v. SCHARF et al.

### Civ. No. 11874.

United States District Court
D. New Jersey.

Sept. 22, 1949.

———◆———

Robert L. Hood, Newark, N. J. (Max Mintz, Newark, N. J., Charles B. McGroody, Jr. (of Warren & McGroody), New York City, of counsel), for plaintiff.

Samuel Milberg, Jersey City, N. J., for defendants.

FAKE, Chief Judge.

The issues here arise on a motion to strike the complaint on the ground that it fails to state a claim on which a recovery may be had.

The complaint is based on Title 15 U.S.C.A. § 15, the pertinent language of which reads as follows: "Any person who shall be injured * * * by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States * * * and shall recover threefold the damages by him sustained * * *."

The basic facts alleged in the complaint disclose that: (1) The plaintiff herein was the sole commercial manufacturer of certain machinery used in the automatic developing and printing of strip photographic film. (2) Plaintiff contracted with defendants to manufacture and deliver to defendants certain of the machines above mentioned. This was done. (3) Thereafter defendants brought about the incorporation of a company named the Fotopak Corporation duly authorized to engaged in the like business as that of the plaintiff, and has manufactured or had manufactured like machines for its account. (4) That defendants have falsely and maliciously spread statements in the industry alleging that plaintiff "misappropriated the design" of the machines which was the property of the defendant Scharf. (5) That defendants falsely held themselves out as the originators of the first machines of the kind. (6) That during the month of May, 1947 defendant Hogle conferred with Strip-Print Corporation, plaintiff's selling agency, "upon a proposal" to become associated with it in the sale of said machines. (7) The defendant, Scharf herein, together with a deceased partner, Farb, instituted a suit against the plaintiff herein in the New Jersey Court of Chancery, seeking to enjoin plaintiff from manufacturing and selling such machines as those above mentioned, but the plaintiff here was successful in defeating the said suit after having been temporarily enjoined. Plaintiff alleges that said action in the State Court was malicious and without probable cause. (8) It is alleged that the foregoing constitute a conspiracy to violate the provisions of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 2, and vest a cause of action in plaintiff by reason of the Clayton Act first above cited.

The question here is whether the foregoing factors or any one or more of them constitute a violation of the Anti-Trust Act. The substance of that act is that: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal: * * *."

Section 2 is to the same effect as to " * * * any part of the trade or commerce * * *."

The factors above relied upon by plaintiff do not, singly or in combination, constitute violations of the Anti-Trust Act. There is no point in enlarging upon the reasons for such conclusion since Judge Sweeney, sitting in the District Court for the District of Massachusetts, in Swartz v. Forward Ass'n, D.C., 41 F.Supp. 294, has said in that case all that I might say in this one, and his basic reasons were approved by Judge Kalodner in Hunt v. Brotherhood of Transportation Workers, D.C., 47 F.Supp. 571, later affirmed in Hunt v. Crumboch, 3 Cir., 143 F.2d 902, and finally affirmed by the United States Supreme Court in 325 U.S. 821, 65 S.Ct. 1545, 89 L.Ed. 1954.

The motion to dismiss the complaint is granted.